# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

February 3, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SARILYN VOSSEN,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0490** (BOR Appeal No. 2048940)
                         (Claim No. 2012029360)

**WHEELING ISLAND GAMING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sarilyn Vossen, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Island Gaming, Inc., by Mark J. Grigoraci, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 22, 2014, in which the Board affirmed an October 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 26, 2013, decision which denied a request to add degeneration of intervertebral disc, site unspecified; osteoarthritis, unspecified; and unspecified curvature of the spine to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Vossen, a player services representative, was injured in the course of her employment on March 7, 2012, while placing luggage on a shelf. Her claim was held compensable for a low back strain. She was treated at Sistersville General Hospital on March 10, 2012, and was diagnosed with a lower back strain, given medication, and sent home. She returned two days later because the pain had not improved. An x-ray revealed multilevel degenerative changes, most pronounced at the lumbosacral junction. There was also evidence of

1

anterolisthesis of L5 on S1. She was diagnosed with acute back pain, degenerative disc disease, degenerative arthritis, scoliosis, spondylolisthesis of L5 on S1, and sciatica. The physician's and employee's report of injury listed the diagnoses as sprain of unspecified site of sacroiliac region and overexertion from strenuous movement. It was indicated that the injury aggravated a prior work-related injury sustained in 2003 or 2004.

Ms. Vossen underwent a lumbar MRI on June 3, 2012. It showed severe left L5-S1 neural foraminal stenosis related to degenerative disc disease and grade 1 anterolisthesis at L5-S1 due to bilateral L5 spondylolysis. The fat surrounding the exiting nerve root was completely effaced. There was also levoconvex mid lumbar scoliosis with mild to moderate multilevel degenerative disc disease and mild central canal narrowing through the mid lumbar spine. Shortly thereafter, Joseph Grady, M.D., performed an independent medical evaluation in which he diagnosed lumbosacral myofascial strain superimposed on pre-existing multilevel degenerative changes and lumbar spondylolisthesis and spondylolysis. He noted that Ms. Vossen had a history of chronic lower back problems and a prior work-related injury. She reported that she had significant impairment previously but was doing better at work in a more sedentary position until October of 2011 when she began more strenuous activities. Dr. Grady found she was at maximum medical improvement for the compensable March 7, 2012, injury. He found 5% impairment for the lumbar spine but opined that she had already been fully compensated by her prior permanent partial disability award.

In an April 11, 2013, letter to the claims administrator, Ms. Vossen's attorney, Mr. Gallagher, stated that Robert Morris, D.O., who treated Ms. Vossen immediately after her March 7, 2012, injury, had left his practice at Sistersville General Hospital. Mr. Gallagher enclosed copies of documents regarding a diagnosis update. He stated that the diagnoses were made at or contemporaneous with the initial emergency room visit and should be considered in the context of a diagnosis update. Included was a report from Sistersville General Hospital dated March 12, 2012, which listed diagnoses of degeneration of intervertebral disc, site unspecified; osteoarthrosis, site unspecified; unspecified curvature of the spine; lumbago; backache; sciatica; scoliosis; and spondylolisthesis. Also included was a note dated March 20, 2012, from Sistersville General Hospital with the diagnoses of sprain of site of sacroiliac region and lumbago. The claims administrator denied the request to add degeneration of intervertebral disc, site unspecified; osteoarthritis, unspecified; and unspecified curvature of the spine to the claim on April 26, 2013.

Ms. Vossen underwent another lumbar MRI on May 21, 2013. It showed multilevel degenerative disc disease with narrowing of all disc spaces and diminished signal intensity of the disc material, most pronounced at L3-4 and L5-S1. It also showed a grade I spondylolisthesis involving L5 on S1 secondary to spondylitic defect through the pars posteriorly. There was also marked accentuation of the normal lordotic curvature and evidence of mild spinal stenosis at L3-4 attributable to a mild bulge of the disc, degenerative changes of the facets, and hypertrophy of the ligamentum flavum. In an addendum to the MRI, it was noted that the appearance of the lumbar spine had not changed significantly since the June 3, 2012, MRI. The degree of spinal stenosis at L3-4 had increased slightly. Ms. Vossen also underwent an EMG. It showed a normal bilateral peroneal and tibial mixed nerve conduction study. There was no evidence of acute or

chronic left or right lumbosacral motor radiculopathies. There was a borderline prolonged left H reflex; therefore, a lower left lumbosacral radiculopathy or root impingement could not be excluded. Correlation with an MRI was recommended.

The Office of Judges affirmed the claims administrator's decision on October 24, 2013. It found that the reports from Sistersville General Hospital submitted by Mr. Gallagher contain no narrative to explain the diagnoses, and they also contained no indication of whether the diagnoses were related to the compensable injury. The Office of Judges noted that not all of the diagnoses listed in the Sistersville General Hospital reports were addressed in the claims administrator's decision. However, both the claims administrator and Office of Judges have previously held that degenerative disc disease and degenerative joint disease are not compensable conditions in this claim. In the instant case, the Office of Judges found that Ms. Vossen has merely set forth the diagnoses listed by Sistersville General Hospital, which are listed without any explanation or commentary as to whether a physician believed they were the result of the compensable injury. The Office of Judges found that the MRIs of record only show that the conditions exist; they do not speak to causality. The EMG also failed to speak to the issue of causality. The Office of Judges concluded that Ms. Vossen failed to meet her burden of proof to establish that the requested diagnoses are causally connected to the compensable injury. It stated that its decision was supported by Dr. Grady's independent medical evaluation, which found that the conditions were degenerative and pre-existing. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 22, 2014.

On appeal, Ms. Vossen argues that the diagnosis update was requested by the treating facility after her treating physician ceased working there, and the claims administrator's denial was based only upon Dr. Grady's finding of pre-existing arthritic changes. Wheeling Island Gaming, Inc., asserts that Ms. Vossen had significant pre-existing degenerative changes in her lower back. It stated that Dr. Grady's findings plainly show that the requested diagnoses were neither caused nor aggravated by the compensable injury. It further argued that there is no medical evidence demonstrating a causal connection between the compensable injury and the requested diagnoses. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Vossen has presented no evidence to indicate that the requested diagnoses are causally connected to the compensable injury. Objective testing shows that she suffers from severe degenerative changes, and no physician of record opined that the conditions are the result of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II